FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-3148
_____

IN RE: JANE DOE 23-A,

Appellant.

_____

On appeal from the Circuit Court for Calhoun County.
Brandon J. Young, Judge.

December 15, 2023

PER CURIAM.

Jane Doe, a minor seeking to terminate her pregnancy, appeals the final order dismissing her petition for judicial waiver of the parental/legal guardian notice and consent requirements under Florida law. *See* § 390.01114(3), Fla. Stat. (2023) (providing that physicians performing abortions must notify and obtain the consent of a parent or legal guardian before terminating the pregnancy of a minor unless the circuit court waives the requirements). In a detailed order, the circuit court determined, based on the nonadversarial presentation below, that Doe had not established by clear and convincing evidence that she was sufficiently mature to decide whether to terminate her pregnancy. *See* § 390.01114(6)(c), Fla. Stat.

Our review of the order is governed by section 390.01114(6)(b)2., Fla. Stat., which directs that "[t]he reason for overturning a ruling on appeal must be based on abuse of discretion by the [circuit] court." We thus consider only the narrow

question of whether the circuit court abused its discretion in concluding that Doe failed to demonstrate sufficient maturity. Because we find no such abuse of discretion here, we affirm. The circuit court's order addresses and sets out detailed findings for the factors required under section 390.01114(6)(c)1., Fla. Stat. Those findings are supported by the record before us.

AFFIRMED.

NORDBY and LONG, JJ., concur; M.K. THOMAS, J., concurs with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

M.K. Thomas, J., concurring.

Affirmance is due under the deferential standard of appellate review required by section 390.01114(6)(b)2., Florida Statutes (2023). I write only to emphasize Doe's sole reliance on the waiver provision allowing termination of her pregnancy without consent from her "parents or legal guardian." This process is limited. It only asks whether the minor has demonstrated sufficient maturity to obtain an abortion without the knowledge and consent of her parents or legal guardian. It is not the process by which a family member is appointed to act as the minor's legal guardian. To the extent that Doe and her loved ones wish to obtain a court order appointing a family member as Doe's legal guardian, they can file a guardianship petition with the circuit court. *See* § 744.3021 Fla. Stat. (2023) (permitting family members and other interested persons to petition the court for the appointment of a guardian for a minor). The record is devoid of any evidence that emergency legal action was taken to acquire temporary or permanent legal guardianship designation.

_____

2

Jane Doe 23-A, pro se, Appellant.